## Bald Eagle Township Supervisors.

*Road law—Supervisors — Removal — Neglect of duty—Petition—Number of signers—Consent of counsel—Jurisdiction—Act of July 14, 1917.*

1. Where a petition for the removal of two of the three supervisors has been signed and filed by twenty-five owners of real estate, and thereafter a second petition, signed by only eight persons as taxpayers, for the removal of the third supervisor with one named in the first petition, is filed, the court has no jurisdiction over the second petition, and cannot assume jurisdiction thereof by consent of counsel.

2. There is nothing in the Act of July 14, 1917, P. L. 840, which authorizes the court to remove a township supervisor for incompetency. He can only be removed for refusal or neglect to perform his duties.

3. The duty of keeping the roads of a township in repair is a joint one devolving upon the board of supervisors collectively, and one of them should not be made the scapegoat for all.

Rule to show cause why offices of Hiram Myers and John Kirby, as Supervisors of Bald Eagle Township, should not be declared vacant and others appointed in their stead. Q. S. Clinton Co., Oct. Sess., 1921, No. 14.

*B. F. Geary*, for rule; *W. E. Shaffer*, contra.

BAIRD, P. J., Sept. 26, 1923.—On Sept. 7, 1921, a petition signed by twenty-five or more citizens, owners of real estate in Bald Eagle Township, was presented, setting forth that Hiram Myers, John Kirby and Charles From are the duly qualified supervisors of said township; that Charles From was recently appointed to fill the unexpired term of William Mayes; that the said Hiram Myers and John Kirby have refused and neglected to perform their duties as supervisors in this, that they have failed to keep the roads of the township in a safe and passable condition, and particularly have failed to keep in such condition a certain road leading from Fairport to Mill Hall, also a road leading from Lusk Run Road to the Sugar Run Road, and other roads, and praying that a rule issue upon the said Hiram Myers and John Kirby to show cause why their said offices should not be declared vacant and that others be appointed in their stead. Thereupon a rule was granted on Hiram Myers, returnable Sept. 26, 1921. For some reason which does not appear John Kirby was not included in this rule, although he was one of the supervisors against whom complaint was made. It is also to be noted that no complaint was made against Charles From, the other supervisor, nor was the court asked for a rule upon him.

The proceeding was apparently instituted under the provisions of section 192 of "The General Township Act" of July 14, 1917, P. L. 840, which provides that if any township officer in any township of the first or second class refuses or neglects to perform his duties, the Court of Quarter Sessions, upon complaint in writing of twenty-five citizens, owners of real estate residing in the township or district, may issue a rule, returnable not less than two weeks from its date of issue, upon such officer to show cause why his office should not be declared vacant and another appointed in his stead, and, upon hearing and proof that the facts alleged in the complaint are true, may declare the office vacant and appoint another in his stead to hold office during the term of the officer deposed.

Afterwards, on Feb. 15, 1922, another petition was presented, signed by eight persons, who are described in the body of the petition as citizens and taxpayers of the Township of Bald Eagle, but not as the owners of real estate. This petition is aimed at the removal of Hiram Myers and Charles From as supervisors, and, in addition to the roads mentioned in the former

petition, it is alleged that these supervisors have been negligent in the performance of their duties in failing to keep certain other roads in good condition and repair. It is also alleged therein that Myers and From have neglected to hold certain meetings of the board at the times and place fixed therefor, and have been guilty of certain other delinquencies. The attorney for petitioners in his brief says that this petition, by agreement of counsel, was made a part of the original petition "in order that the entire question might be determined in a single proceeding." There is nothing in the record to show such an agreement, and the position taken by present counsel for the respondents is inconsistent with the fact of any such agreement having been made. He objects to the petition on account of its failure to set forth that the petitioners are the owners of real estate and because it is signed by only eight persons instead of twenty-five, as required by the act, also because the rule to show cause was made returnable less than two weeks from its date of issue. Counsel for respondents at the time these petitions were filed is now deceased, and by analogy to the 5th section of the Act of May 23, 1887, P. L. 159, we do not think that opposing counsel should be heard to allege the existence of such an agreement, but, entirely independent of that consideration, we cannot consider the allegations contained in the second petition nor the testimony taken in support thereof, for the reason that the jurisdiction of the court cannot be conferred by the act of counsel in opposition to the positive requirements of the statute. The second petition not having been signed by the requisite number of qualified persons, the court was without jurisdiction to issue a rule to show cause founded thereon.

Although the first rule was made returnable on Sept. 26, 1921, and the second on Feb. 27, 1922, there was no testimony taken thereunder until June 13, 1922, and it was more than a year later before the matter was submitted to the court. In the meantime, the term of Kirby, who, however, was not a party to the proceedings, had expired, and the term of Myers will expire on the first Monday of December next. This delay would seem to indicate that, even in the minds of the petitioners, the improved condition of the roads had rendered unnecessary any action by the court adverse to the respondents.

We have carefully read the testimony, and while it is very evident that the roads complained of in the first petition were in very bad condition at the time that petition was presented, it is not clear that their condition was due wholly to the neglect of the supervisors. Heavy rains, the nature of the soil, the contour of the country, and the fact that one of the roads was being used as a detour, and thereby subjected to heavy traffic, were contributing factors. Ordinarily, none of the roads was much used. The complaint, in part at least, seems not to have been based so much on the neglect of the supervisors as on their method of working the roads. Particularly is this true of the testimony of Mr. John Williams, a very candid, intelligent and fair-minded witness. Much of his testimony consists of a comparison of the methods of former supervisors with those of the men then in office—to the disadvantage of the latter. In his direct examination he stated very frankly that his objection to Mr. Myers was his general incompetency, and, on cross-examination, he stated that "he used a different method than the best supervisors that we have had had been using." As to this feature of the case, it is sufficient to state that the statute does not authorize the removal of an officer for incompetency, but only for refusal or neglect to perform his duties.

At the time the testimony was taken no great amount of fault was found with the then condition of the roads. The opinion of the witnesses who were interrogated in regard to this (the condition of the roads), or some of them,

was that it then varied from fair to very good. It is probably technically correct to say that the work done upon the roads subsequent to the presentation of the petition does not excuse the past neglect of the supervisors, but as the act makes the removal of an officer for neglect discretionary in the court, we cannot see that any good would be accomplished by removing Myers, the only real respondent, at this late date, Kirby never having been made a party and From having been eliminated for the reasons hereinbefore stated.

Myers may have been guilty of neglect for failure to keep the roads in condition; but, if so, his neglect was common to that of the other supervisors. The duty of keeping the roads of a township in repair is a joint one, devolving upon the board of supervisors collectively, and one of them should not be made a scapegoat for all.

Under all of the circumstances, we think that the rules should be discharged and that the petitioners should pay the costs, and it is so ordered this 26th day of September, 1923.